UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL MANNING,

Plaintiff,

vs.                                              Case No.:

BLUESHORE RECOVERY
SYSTEMS, LLC,

Defendant.
_____/

**COMPLAINT**

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559 et seq. ("FCCPA").

**JURISDICTION**

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq.

3. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.  Plaintiff, MICHAEL MANNING ("Plaintiff"), is a natural person who resides in the City Weston, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.  Defendant BLUESHORE RECOVERY SYSTEMS, LLC (Defendant "Blueshore") is a collection agency operating from an address of 9101 Southern Pine Blvd., Charlotte, North Carolina 28273, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.  Defendant, Blueshore, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.  Defendant, Blueshore, regularly collects or attempts to collect debts for other parties.

9.  Defendant, Blueshore, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred a financial obligation for a surgery performed on Plaintiff's minor daughter occurring sometime in the past.

11. Plaintiff's financial obligation was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. Plaintiff satisfied that financial obligation in full at some time in the past.

13. Sometime after Plaintiff had satisfied the debt, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

14. Defendant sought to collect from Plaintiff a satisfied, non-existent debt.

15. As a result of Defendant's attempt to collect a debt it was not authorized to collect, Plaintiff has suffered financial losses as well as damages to his reputation.

## SUMMARY

16. The above-described improper attempt to collect an alleged debt by Defendant Blueshore were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692f(1) and 1692d as well as the FCCPA § 559.72(9).

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing act and omission of the Defendant and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

20. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

## VIOLATION OF 559.72(9) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

21. Plaintiff incorporates by reference paragraphs 1-20 of this Complaint as though fully stated herein.

22. Defendant improperly and illegally attempted to collect a debt from Plaintiff when Defendant knew or should have known that the debt was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated: March 18, 2011                    Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@cardandglenn.com
Florida Bar No.: 577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No. 0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone: (954) 921-9994
Facsimile: (954) 921-9553
Attorneys for Plaintiff